## DIOMATARI *vs.* CHOATE ET AL.

Notwithstanding the court may differ with the jury as to the preponderance of the proof, yet the verdict will not be disturbed upon a naked question of fact, provided there be sufficient evidence to support the finding; especially when the circuit judge is satisfied and refuses to grant a new trial.

In Equity, in Putnam Superior Court. Tried before Judge HAMMOND, March Term, 1859.

John D. Diomatari filed his bill against Thomas W. Choate, Uriah Ward, and John W. Caswell, to enjoin an action at law, brought on a judgment, formerly obtained against said Diomatari and Edward C. Clarke, as partners under the style and firm of Clarke & Diomatari. The bill,

Diomatari vs. Choate et al.

in substance, stated that, in February, 1843, Choate, then of the county of Jones, sold to Clarke & Diomatari, a lot or parcel of land, in the county of Jones, on Commissioner's creek, containing about thirty-three acres, and on which was a mill, for the sum of about thirty-five hundred dollars, in three payments; and that Choate executed his bond to make titles to said premises upon the payment of the purchase-money. That Clarke & Diomatari becoming embarrassed, and not able to pay for the place, agreed to surrender it, upon Choate giving up all the demands and claims which he held against them; and the trade for the purchase of said land and mill-seat was canceled, and Choate took possession of the same. That in addition to the notes for the purchase-money of said premises, Choate held two other notes against Clark & Diomatari, amounting to about three or four hundred dollars, and that these notes, as well as those given for the mills and land, were included in the contract for recission, and were thus settled and paid off. Before this agreement to rescind, Choate had commenced suit upon one of the land notes, amounting to about $1100, and upon the two small notes above referred to; and by some oversight or neglect, said suit proceeded; and at January term, 1845, of Jones superior court, he obtained judgment against Clarke & Diomatari for $1,463 00 principal, and $192 71 interest. But no attempt was made to enforce said judgment, or any claim or pretence that the same, or any part thereof, was due, until lately, when said Choate having transferred the same to Ward and Caswell, they have commenced an action of debt thereon against complainant as the surviving partner of the firm of Clarke & Diomatari, and are seeking to recover the full amount thereof from him. The bill prays for an injunction, &c.

To this bill defendant, Choate, filed his answer, admitting the facts as charged in relation to the sale of the mills; the giving of the notes for the purchase-money, and

the recission of the contract, but denying that the two small notes referred to and sued on, and constituting a part of said judgment, were to be relinquished or were included in said arrangement, but insisted that only the land notes were to be canceled or given up in exchange for the land; and that it was agreed by Clarke that defendant should go on and obtain judgment on the entire claim; and hold the same, as security for the payment of the part thereof founded upon the two small notes.

Defendants, Ward and Caswell, answered that they knew nothing of the original transaction between the parties, or the consideration of the notes upon which the judgment is founded, and only want what is fairly and justly due them thereon.

The case was submitted to the jury, upon the bill and answer and proofs, who returned a· verdict, perpetually enjoining the judgment sought to be recovered at law, except so far as relates to the two notes, one for $120 00, and the other for $243 00.

Whereupon complainant moved for a new trial, on the following grounds:

1. Because the verdict is decidedly and strongly against the weight of evidence.

2. Because the charge of the court, that one partner has a right to bind the firm for all matters within the scope of the partnership, though correct as a general proposition, had no application to the facts of the case, and that the court erred in refusing to charge as requested, that if the jury should find that the consideration of the two small notes was personal to Clarke, and known so to be by Choate, and not on account of a partnership debt or liability, then they should perpetually enjoin said action at law as against Diomatari.

3. Because the verdict was contrary to law and the evidence.

Morton vs. Pearman.

The court, after argument, refused the motion for a new trial, and counsel for complainant excepted.

JUNIUS WINGFIELD, for plaintiff in error.

W. McKINLY, and HUDSON, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

The only question argued before this court is, was the verdict in this case so strongly and decidedly against the weight of evidence as to make it our duty to grant a new trial?

The circuit judge thought not; and this constitutes an additional reason why we should not interfere. For myself, I should have rendered a different verdict upon the testimony; still, I think there was sufficient proof to warrant the finding.

Our conclusion is somewhat reluctantly to let the judgment stand.

Judgment affirmed.